UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW A. SMITH,<br><br>      Plaintiff,<br><br>-against-<br><br>ALFRED M. ARRAJ FEDERAL COURTHOUSE,<br><br>      Defendant. | 24-CV-7026 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity of citizenship jurisdiction. (ECF 1.) Plaintiff resides in Colorado, and he names as Defendant the Alfred M. Arraj Federal Courthouse, which is also located in Colorado. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Colorado.

## DISCUSSION

**A. Transfer Order**

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in Westminster, Colorado, alleges that his federally protected rights were violated in the federal courthouse located in Denver, Colorado. Because Plaintiff asserts that the alleged events giving rise to his claims occurred in the federal courthouse in Colorado, and because the only named defendant is the courthouse itself, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Denver, Colorado, which is in the District of Colorado. *See* 28 U.S.C. § 85. Accordingly, venue lies in the District of Colorado, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Colorado, 28 U.S.C. § 1406(a).

**B.    Litigation History and Warning**

Since 2014, Plaintiff has been under a filing injunction in the District of Colorado due to his history of engaging in frivolous, vexatious, and duplicative litigation there.

> In the sanction order Mr. Smith was "prohibited from filing any new action in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed pro se by following the procedures specified in the sanction order.

*Smith v. Securitas, Inc.*, No. 24-CV-1987 (D. Co. July 22, 2024) (citing *Smith v. Byron White 10th Cir. Fed. Ct.*, No. 14-CV-00669 (D. Co. Mar. 10, 2014)). A review of Public Access to Court Electronic Records ("PACER") shows that Plaintiff has continued unabated, filing scores of *pro se* complaints in various federal courts around the country.

Moreover, Plaintiff previously filed two complaints against the same Defendant named in this complaint, both of which were dismissed as frivolous. *See Smith v. Alfred M. Arraj Fed. Court Co.*, No. 14-CV-442 (D. Co. Feb. 27, 2014); *Smith v. Arraj*, No. 14-CV-438 (D. Co. Feb.

24, 2014). Based on this litigation history, the Court finds that Plaintiff knew or should have known that this complaint is duplicative and lacks merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

It is apparent that Plaintiff filed this complaint here to evade the bar order in Colorado. *See Wolf v. United States Fed. Bur. of Investig.*, 16-CV-9436 (JMF), 2018 WL 582472, at *3 (S.D.N.Y. Jan. 26, 2018) ("Given the frivolousness of Petitioners' claims, and the Court's sneaking suspicion that Petitioners filed in this District to evade the litigation bar imposed in the Eastern District, the Court is tempted to go further and impose on Petitioners either sanctions or a litigation bar in this District. Nevertheless, in view of Petitioners' *pro se* status and the fact that Respondent does not seek sanctions or a litigation bar, the Court will not do so. Petitioners are cautioned, however, that if they file yet another frivolous suit arising out of the events described in the Petition and in their four prior federal cases, sanctions may well be imposed.")

This Court will not tolerate the abuse of its limited resources. The Court warns Plaintiff that further litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* IFP unless he receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Colorado. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. This order closes this case in this court.

Plaintiff is warned that if he abuses the privilege of proceeding IFP the Court may bar him from filing further complaints here IFP without prior permission.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 2, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
